**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAKHRAM AZIZOV,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 21-70301<br><br>Agency No. A201-564-738<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2023
San Francisco, California

Before:  OWENS and MILLER, Circuit Judges, and EZRA,[**] District Judge.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Bakhram Azizov ("Petitioner"), a native and citizen of Kyrgyzstan, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an Immigration Judge's (the "IJ") denial of Petitioner's applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection based on racial and political persecution he allegedly suffered in his home country. We grant the petition for review.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We review the decision that an alien has not established eligibility for asylum, withholding of removal, or CAT protection for substantial evidence. *Id.* at 1028. Additionally, we review the agency's "factual findings, including adverse credibility determinations," for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under the deferential substantial evidence standard, unless the evidence compels a conclusion otherwise, the Panel must uphold the agency's decision. *Duran-Rodriguez*, 913 F.3d at 1028. "While [the substantial evidence] standard is deferential, deference does not mean blindness." *Parada v. Sessions*, 902 F.3d 901, 908-09 (9th Cir. 2018) (citation and internal quotation marks omitted).

1.  Petitioner fled Kyrgyzstan on March 24, 2019, after multiple incidents of violence he contends were based on his Uyghur ethnicity and political views. Petitioner first argues that the BIA erred in denying his application for asylum. To prove eligibility for asylum or withholding of removal, Petitioner was required to prove that "he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028. Petitioner takes issue with the BIA's affirmation of the IJ's finding that it was implausible that Petitioner suffered "on account of" his race or political affiliation because the IJ believed he was compensated for his hangar for an amount greater than its value. We agree with Petitioner. The evidence indicates that Petitioner was never fully compensated after his hangar and equipment were taken from him. In fact, Petitioner testified he that was still trying to recover what he was owed when he fled Kyrgyzstan in March 2019.

Additionally, the IJ and BIA appeared to exclude from their analysis the suffering Petitioner experienced by police officers in 2017, and the IJ confused the timing of Petitioner's alleged detentions and beatings. Further, despite Petitioner alleging that his Uyghur ethnicity was mentioned in nearly all his violent encounters, neither the IJ nor the BIA acknowledged this fact in their decisions. In fact, contrary to the BIA's finding that Petitioner failed to show any "motive, or

3

underlying cause for any of the alleged harm or threats that did not arise from . . . a personal dispute, related to his marketplace rental," the record reveals many indications that Petitioner's ethnicity was at least one reason he was persecuted.

While the substantial evidence standard requires deference to the BIA's decision, deference is not required where the BIA clearly ignores evidence. *See, e.g.*, *Parada*, 902 F.3d at 909 (finding that substantial evidence did not support the BIA's determination that the petitioner had not suffered persecution because the BIA mischaracterized and ignored evidence of the murder, beatings, death threats, and murder he had either experienced or witnessed). Here, the IJ specifically relied on an erroneous belief that Petitioner was fully compensated for the loss of his hangar and other factual inaccuracies in finding an insufficient connection between a protected ground and the harm suffered—and the BIA adopted and affirmed those findings. The BIA's decision also suggests that it failed to consider evidence of the derogatory comments Salymbekov, the police, and others made about Petitioner's Uyghur ethnicity. For these reasons, we remand the Petitioner's asylum application for reconsideration.[1]

---

[1] Petitioner also argues the BIA erred by failing to consider mixed-motives in assessing whether Petitioner's political views or Uyghur ethnicity were "at least one central reason" for any harm and failing to apply the "a reason" nexus standard to his withholding claim. While it seems the IJ applied the correct legal standard in analyzing Petitioner's withholding of removal application, the BIA's decision on withholding of removal is still flawed given the reasons described above.

2. In denying Petitioner's application for withholding of removal, the IJ referred back to her asylum findings, stating that because Petitioner failed to meet the lower burden of proof for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. The BIA adopted only the IJ's decision "as it pertains to a nexus to a protected ground." But the IJ made no findings as to a nexus; nor did the BIA provide meaningful analysis itself. Moreover, because the IJ's analysis of Petitioner's application for withholding of removal incorporates her asylum analysis, it is tainted with the same factual inaccuracies described above. Finally, as explained above, there is ample evidence that Petitioner's ethnicity was at least *a* reason for the persecution he claims he suffered. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Accordingly, we remand the petition as to withholding of removal for reconsideration.

3. Lastly, Petitioner argues that the BIA erred by affirming the IJ's finding that Petitioner was not "more likely than not" to be tortured by or with the acquiescence of a public official or government. As explained above, the IJ seems to have overlooked the fact that Petitioner was allegedly detained and beaten by police officers in 2017 and misstates the timing of the detention and beating in 2015. The BIA's statement of the facts and incorporation of the IJ's flawed factual findings indicates it was also mistaken about the series of events. While the BIA is

not required to discuss every piece of evidence submitted, a decision cannot stand where "there is any indication that the BIA did not consider all of the evidence before it," such as "misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole*, 659 F.3d at 771-72. Here, because both the IJ and the BIA mischaracterized and failed to consider key pieces of evidence in denying Petitioner's application, we remand Petitioner's CAT protection application for reconsideration.

**PETITION GRANTED AND REMANDED. The remand automatically stays the order of removal, so the motion for a stay of removal (Dkt. No. 1) is denied as unnecessary.**